**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re:<br>Clifford Eugene Solomon Jr.<br>Lindsay Leeann Solomon,<br>                Debtors | Case No.: 17-41693-drd-13 |

**OBJECTION TO CLAIM**

Come now Movants Clifford Eugene Solomon and Lindsay Leeann Solomon, and hereby objects to the Proof of Claim filed by creditor, Cavalry Spv I, LLC, in the amount of $3,300.85, and filed on October 17, 2017. The court claim number is 10.

**Your claim may be reduced, modified, or eliminated. You should read this document carefully and discuss it with your attorney, if you have one.**

Pursuant to Local Rule 3007-1 (C), the Claimant shall have 30 days after service of the Objection in which to file a Response, if you do not want the court to eliminate or change your claim. The Response shall be in writing and state why the claim should be allowed as filed. If a Response is filed, the Court will schedule a hearing. If no timely Response is filed, the Court will enter an Order sustaining the Objection to the Claim. Parties not represented by an attorney shall mail a Response to the Court at the address below. Debtor(s) not represented by an attorney must be served a copy of the Response by regular mail. If your Response is mailed, it must be early enough so that the court will receive it on or before 30 days after service of the Objection.

The basis for the objection is as follows:

☐     The deadline for filing proofs of claim expired prior to the filing of the claim, so the claim should be disallowed in its entirety. (Not applicable in Chapter 7)

☐     The claim should be disallowed entirely because _____.

☒     The claim should instead be allowed as an unsecured claim in the amount of $3,300.85 because based on the documents provided by creditor, Clifford Solomon is only a co-signor on the loan securing a 2003 Kawasaki motorcycle (hereafter "collateral"). Upon information and belief, Debtor is not recorded on the title of the collateral, therefore, the loan is only secured as to the non-filing co-signor. Further, Debtor is not in possession of the collateral and is unaware of the location of same. Upon information and belief, the co-signor has been making payments on the debt owed to creditor. If documentation is

      provided showing Debtor is noted on the title of the collateral, Debtor will amend his schedules and plan surrendering his interest in the collateral. Creditor would be allowed to file an unsecured deficiency claim.

☐    The claim should instead be allowed as secured in the amount of $_____ and unsecured in the amount of $_____ because_____.

☐    Other:_____

                      Respectfully submitted,

                      THE SADER LAW FIRM

                      By: */s/ Stewart C. Bogart*
                      Stewart C. Bogart, MO#67956
                      2345 Grand Blvd., Ste. 2150
                      Kansas City, Missouri 64108
                      816-561-1818
                      Fax: 816-561-0818
                      Direct Dial: 816-595-1808
                      sbogart@saderlawfirm.com

## **CERTIFICATE OF SERVICE**

I *Stewart C. Bogart* hereby certify that a true and correct copy of the Objection to Claim was mailed to affected creditors/unrepresented parties requesting notice by first class mail this 17th day of January 2018.

Bass & Associates, P.C.
3936 E Ft. Lowell Road, Suite #200
Tucson, AZ 85712

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Represented parties received notice electronically via the court's Electronic System.

Dated:   1/17/2018                      */s/ Stewart C. Bogart*
                                            Stewart C. Bogart

S:\BankruptcyCurrent\Client Forms - Active\Solomon, Clifford & Linday\Objections to Claims\Objection to Claim 10 1.17.2018.docx